## MORRIS A. BEERS *vs.* THE BRIDGEPORT HYDRAULIC COMPANY.

Third Judicial District, New Haven, January Term, 1924.

BEACH, KEELER, WEBB, KELLOGG and HAINES, Js.

The plaintiff, whose land had been taken for reservoir purposes and paid for by the defendant pursuant to condemnation proceedings previously had, sought to recover further compensation upon like proceedings instituted by him, alleging in his application that the defendant had prevented him from enriching his soil by stable manure and from pasturing cows upon such portions of his land as drained into the reservoir, by inducing the town health officer to issue orders requiring the plaintiff to desist from such practices. The trial judge concluded that payment of the damages awarded the plaintiff in the original proceeding was a payment for all damages which had occurred or was likely to occur in the future from the construction and maintenance of the defendant's reservoir, and dismissed the application. *Held* that this conclusion was fully justified by the record and findings.

It appeared that the action taken by the town health officer was upon his own initiative under § 2545, after his attention had been called by the defendant's superintendent to the fact that the plaintiff was making such use of his land as constituted a nuisance and menace to the public health. *Held* that the defendant was not responsible for the action of the health officer, nor liable to the plaintiff for the damage caused him by the restricted use of a portion of his land.

The question whether the private uses of a watershed of a public water supply may be limited by the increasing demands of prophylactic sanitation, without compensation to the private owner, *held* one not presented by the pleadings.

Testimony of a witness as to his recollection of the scope of the hearing before the assessors in the condemnation proceedings was excluded. *Held* that such ruling was correct, since the report of the committee was certain and unambiguous as to such matter.

Argued January 22d—decided March 1st, 1924.

APPLICATION for the appointment of appraisers in condemnation proceedings, brought to the *Hon. Howard J. Curtis,* a judge of the Superior Court in Fairfield

County, who overruled a demurrer to the second defense, and afterward transferred, by consent, to *Wolfe, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *No error.*

The application alleges that the applicant is the owner of certain parcels of land for many years and now used by him for general farming purposes and keeping and feeding cattle, hogs and poultry; that several years ago the Bridgeport Hydraulic Company, a private water company organized for the purpose of supplying the inhabitants of Bridgeport with water for public and domestic use, took certain real estate adjoining the described premises and constructed a reservoir thereon; that a part of the land described is bounded on three sides, and a large part on one side, by the reservoir, and all of it is natural watershed of the reservoir; that the waters of the reservoir have overflowed some of the described premises whereby the plaintiff has been deprived of its use and has been and will be damaged. A claim for consequential damage resulting from the original taking and the last described overflow of a part thereof is alleged in the following form:—

"6.  From time to time, the applicant has placed and attempted to place stable manure upon portions of his said land to enrich the soil for farming purposes, and said company has on each occasion, prevented his doing so, by obtaining an order from the Health Officer of said town of Fairfield, ordering him to remove such manure, on the ground that it constituted a nuisance by reason of its being in close proximity to, and likely to drain into said reservoir of said company and pollute the water thereof.

"7.  From time to time, the applicant has attempted to pasture his cows upon portions of said land, which forms a watershed to said reservoir, and said company has on each occasion prevented his doing so by obtain-

ing an order from the Health Officer of said town of Fairfield, ordering him not to pasture his cows upon said land, on the ground that they constituted a nuisance for the reason that owing to the close proximity of said land to the reservoir the manure dropped by the cows would be likely to drain into said reservoir and pollute the water thereof."

In both of the above described ways the respondent is alleged to have injured the vested rights of the applicant and to have taken his property without compensation and without an agreement in writing for such damages; and the applicant prays for the appointment of appraisers, etc., pursuant to the respondent's charter.

The answer comprises eleven separate defenses, but for all the purposes of this appeal they resolve themselves into two main propositions. First, as to the claim of damage caused by flooding, that the applicant was fully compensated for all damages due to overflow in the former condemnation proceedings; second, as to the claim of consequential damage, by preventing the free use of the applicant's farm, paragraphs six and seven above quoted are denied.

The trial judge has found that the plaintiff acquired title to the farm in 1901. Between 1900 and 1904, respondent built the reservoir in question, having previously acquired, by purchase from the applicant's predecessors in title, some adjoining land which was originally included in the same farm. In June, 1904, the respondent applied for the appointment of appraisers to assess damages to the applicant by reason of the construction and maintenance of the reservoir, and by the taking of a tract of about three acres. In the proceedings which followed damages were assessed and paid; and the trial judge has found that the flooded condition complained of in the present application existed at the time of the original application of 1904.

As to the matters alleged in paragraphs six and seven, the finding is that the applicant's farm is a natural watershed of the reservoir, and was used by him in the manner described in the application. In such use the applicant placed manure thereon and pastured cattle thereon so near the reservoir as to drain into the reservoir. This condition was observed by the town health officer of Fairfield, and from time to time orders and notices requiring the applicant to abate such nuisances were issued by the duly constituted authority, acting within its jurisdiction, requiring the applicant to abate such nuisances within a time limited. Six such notices are printed as exhibits in the record. It is found that such orders were issued by the town health officer upon his own motion and initiative; that such placing of manure and pasturing cattle created a nuisance injurious to public health, and that the respondent took no action with reference to their issuance or enforcement, except that the then superintendent of the respondent called the attention of the town health officer to the fact that some of the orders which had been issued were not being complied with.

The reasons of appeal question (1) the ruling of the trial judge that upon the facts found the applicant had already been compensated for the described flooding of his land; (2) the conclusion of the trial judge from the facts found that the respondent was not liable for consequential damages by reason of the applicant's inability to use his land freely; (3) certain rulings excluding testimony offered by the applicant.

*John H. Light,* for the appellant (plaintiff).

*Sanford Stoddard,* for the appellee (defendant).

BEACH, J. The record is the best evidence of the scope of the former condemnation proceedings. It

shows that the land then sought to be taken was a parcel containing 3.28 acres bounded on three sides by other land of the applicant; that the appraisers were directed by the order appointing them, "to assess just damages . . . to the said Morris A. Beers by reason of any overflow upon his land due to the construction and maintenance of the said reservoir, and by reason of the taking of the following described land"—being the 3.28 acres; and that the committee by its report found that "the damages to said Morris A. Beers by reason of said overflow is $225, and that the damage for taking said 3.28 acres is $1,475, making a total of $1,700."

This record, in connection with the finding of the trial judge that the overflowing as it now exists existed at the time when the original condemnation proceedings were brought, fully justifies conclusion (a) of the trial judge, that by the payment of the damages then awarded the applicant was compensated for the overflow now complained of. This disposes of reasons of appeal one and eight, and so much of nine as relates to damages for the flooding.

Reasons of appeal two, four, five, six, seven and, in part, nine, relate to the ruling and conclusion of the trial judge in denying the claim for consequential damages presented in paragraphs six and seven of the application. On the findings summarized in the statement of facts, the appellant is compelled to concede that these allegations were not proved as alleged; that the action of the town health officer in issuing the orders which limited the use of the applicant's land was upon his own motion and initiative, and that the respondent took no action with reference to their issuance or enforcement, except that its superintendent called the attention of the town health officer to the fact that some of the orders which had been issued were not being complied with.

The applicant's claim that paragraphs six and seven are sufficiently proved by the fact that the respondent was benefited by the orders in question, and interested itself in seeing that they were complied with, is wholly untenable when restated in terms of the facts found.

These orders were issued under authority of § 2545: "No person shall throw any noxious or harmful substance into such reservoir, lake, pond or stream, nor shall any person, after receipt of written notice from any county or town health officer having jurisdiction, that the same is detrimental to such water supply, suffer any such substance to be placed upon land owned, occupied or controlled by him, so that the same may be carried by rains or freshets, into the water of such reservoir, lake, pond, stream or drain, or allow to be drained any sewage from said land into such water. Every person who shall violate any provision of this section shall be fined not more than one hundred dollars or imprisoned not more than thirty days or both."

No suggestion is made that the particular orders issued were for any reason invalid. The applicant was, therefore, maintaining a nuisance in violation of the statute when the respondent first intervened, as it was bound to do in the discharge of its obligation to use reasonable care in preventing the pollution of its reservoir; and it cannot be that the respondent made itself liable in damages for the specific reason that it called the attention of the proper authority to the fact that the applicant was violating a statute.

The larger issue which the applicant has attempted to introduce into the case, is whether the private uses of the watershed of a public water supply may be limited by the increasing demands of prophylactic sanitation without compensation to the private owners. But that issue is not presented by these pleadings otherwise than by the claim that the respondent has limited the

uses of the applicant's land by the specific means alleged in paragraphs six and seven; nor was the respondent called upon to meet that issue otherwise than by denying the specific allegations of fact contained in those paragraphs.

The finding shows that on the trial the applicant stepped outside of the pleadings and made the broad claim of law that the respondent was bound by its charter to acquire by purchase or condemnation sufficient watershed surrounding its reservoir to protect the water from pollution; and his fourth assignment of error is that the trial judge erred in overruling that claim. There is, however, no reason to suppose that the trial judge did overrule that claim. On the contrary, his statement of conclusions reached indicates that he very properly confined himself to the determination of the issues raised by the pleadings.

The assignments of error relating to the exclusion of evidence may be briefly disposed of. The applicant was called as a witness and questioned as to his recollection of the scope of the hearing before the assessors in the condemnation proceeding of 1904. On objection the evidence was excluded.

That ruling was correct, because the report of the committee already quoted is certain and unambiguous; damages were then awarded for flooding of land then overflowed, and for the taking of the 3.28 acres, and nothing else.

There is no error.

In this opinion the other judges concurred.